GRIMES, Justice.
The Florida Board of Bar Examiners petitioned for approval of certain amendments to the Rules of the Supreme Court of Florida Relating to Admissions to the Bar. The proposed amendments were published in The Florida Bar News allowing interested parties to file comments with this Court. Upon consideration, we now adopt the proposed amendments. The amendments are attached to this opinion together with the rationale expressed by the Board concerning each amendment.
The single comment filed in response to the publication criticized the removal of the mandatory requirement for testing Florida constitutional law separately on each Bar examination. We agree that it is important for Florida lawyers to have a knowledge of Florida constitutional law. However, we accept the representation of the Board that the proposed amendment would allow the Board greater flexibility in testing Florida constitutional law by permitting it to be included with another area on the same essay question, thereby producing higher quality questions on the subject.
The amendments shall be effective upon the issuance of this opinion.
Done and ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.
Article I, Section 14 as it currently appears:
Section 14. All information maintained by the Board in the discharge of those responsibilities delegated to it by the Supreme Court of Florida shall be confidential except as provided by these Rules or otherwise authorized by the Court. All matters including, but not limited to, registrant and applicant files, investigative reports, examination material, and inter-office memoranda shall be the property of the Supreme Court of Florida and the Board shall serve as the custodian of all such records.
The Board is authorized to disclose the following information relating to an individual registrant, applicant or member of The Florida Bar, absent specific instructions from the Court to the contrary:
a. Upon written request from The Florida Bar for information relating to disciplinary proceedings, reinstatement proceedings or unauthorized practice of law investigations, provided, however, that information received by the Board under a specific agreement of confidentiality or otherwise restricted by law shall not be disclosed.
b. Upon written request from the National Conference of Bar Examiners, or from foreign bar admitting agencies, foreign bar associations, or other similar agencies, when accompanied by an authorization and release duly executed by the person about whom such information is sought, provided, however, that information received by the Board under a specific agreement of confidentiality or otherwise restricted by law shall not be disclosed.
c. Upon written request from registrants or applicants for copies of documents previously filed by them, or on their behalf with the Board with the written consent of the party submitting such documents, and copies of any documents or exhibits tendered to the Board at an investigative or formal hearing before the Board and the transcripts of any such hearings.
d. Upon service of a subpoena issued by a Federal or Florida Grand Jury, or Florida State Attorney only in connection with a felony investigation, provided, however, that information otherwise restricted by law shall not be disclosed.
Article I, Section 14
Section 14. All information maintained by the Board in the discharge of those responsibilities delegated to it by the Supreme Court of Florida shall be confidential except as provided by these Rules or otherwise authorized by the Court. All matters *645 including, but not limited to, registrant and applicant files, investigative reports, examination material, and interoffice memoranda shall be the property of the Supreme Court of Florida and the Board shall serve as custodian of all such records.
The Board is authorized to disclose the following information relating to an individual registrant, applicant or member of The Florida Bar, absent specific instructions from the Court to the contrary:
a. The name, date of birth, Social Security number and date of application for placement in a national data bank operated by or on behalf of the National Conference of Bar Examiners.
»rb. Upon written request from The Florida Bar for information relating to disciplinary proceedings, reinstatement proceedings or unauthorized practice of law investigations, provided, however, that information received by the Board under a specific agreement of confidentiality or otherwise restricted by law shall not be disclosed.
brC. Upon written request from the National Conference of Bar Examiners, or from foreign bar admitting agencies, foreign bar associations, or other similar agencies, when accompanied by an authorization and release duly executed by the person about whom such information is sought, provided, however, that information received by the Board under a specific agreement of confidentiality or otherwise restricted by law shall not be disclosed.
fed. Upon written request from registrants or applicants for copies of documents previously filed by them, or on their behalf with the Board with the written consent of the party submitting such documents, and copies of any documents or exhibits tendered to the Board at an investigative or formal hearing before the Board and the transcript of such hearings.
dre. Upon service of a subpoena issued by a Federal or Florida Grand Jury, or Florida State Attorney only in connection with a felony investigation, provided, however, that information otherwise restricted by law shall not be disclosed.
RATIONALE:
The National Conference of Bar Examiners has agreed to maintain a national data bank of bar applicants. The data bank would be the source of name check for the Board in attempting to verify which jurisdictions an applicant has previously made application for admission. The only information which the Board would supply to the data bank is specifically set forth in the rule amendment. The Board feels that participation in the national data bank would be valuable to the Board in conducting background investigations of applicants. Article II, Sections 1 through 4 as they currently appear:
Section 1. Every person intending to apply for admission to The Florida Bar shall, within one hundred fifty (150) days following the commencement of the study of law in an accredited law school, register with the Board by filing an Applicant’s Questionnaire and Affidavit (Form 1) as a registrant upon the forms supplied by the Board, including the documents and papers specified in Article IV, Section 5 except for the filing of the Certificate of Dean as specified in Article IV, Section 5.b(l); a fee of $60.00 as specified in the provisions of Article V, Section 6, and such other papers as may from time to time be reasonably required by the Board. The Board will consider as timely filed any registration postmarked or received one hundred fifty (150) days following the commencement of the study of law.
Section 2. If any person fails to timely register but does so within one hundred sixty-five (165) days following the commencement of the study of law and shall fully respond to requests contained in a notice of untimely filing within a period not to exceed ten (10) days from mailing of such notice, such registration shall be accepted with a fee of $70.00 as specified under Article V, Section 7.
Section 3. If any person fails to timely register but does so within two hundred fifty (250) days following the commencement of the study of law, the fee *646 shall be $105.00 as specified under the provisions of Article V, Section 8.
Section 4. If any person fails to register within two hundred fifty (250) days following the commencement of the study of law, the fee shall be $300.00 as specified under the provisions of Article V, Section 9.
Article II, Sections 1 through 4 as they would appear:
Section 1. Every person law student intending to apply for admission to The Florida Bar shall, within one hundred fifty (150) days following the commencement of the study of law in an accredited law school, register with the Board by filing an Applicant’s Questionnaire and Affidavit (Form 1) as a registrant upon the forms supplied by the Board, including the documents and papers specified in Article IV, Section 5 except for the filing of the Certificate of Dean as specified in Article IV, Section 5.b(l)y payment of a fee of $60.00 $300.00 as specified in the provisions of Article V, Section 6, and submitting such other papers as may from time to time be reasonably required by the Board. The schedule of discounted fees set forth in Sections 2, 3 and 4 below are available to any law student who files an early registration. The Board will consider as timely filed any registration postmarked or received one hundred-fifty (150) within the specified number of days following the commencement of the study of law.
Section 2. If a law student timely files an early registration within one hundred fifty (150) days following the commencement of the study of law as specified in Article V, Section 7, the filing fee shall be $60.00.
Section 2 3. If a law student timely files an early registration If any person fails to timely register but does so within one hundred sixty-five (165) days following the commencement of the study of law and shall-fully- respond to requests-contained-in a notice of untimely-filing within a period not-to-exceed ten (10) days from-mailing-of such notice,- such- registration shall be accepted with a fee- of $70.00 as specified under Article V, Section 7, as specified in Article V, Section 8, the filing fee shall be $70.00.
Section 3, — If any person fails to timely register but-does so 4. If a law student timely files an early registration within two hundred fifty (250) days following the commencement of the study of law, the-fee shall-be $105.00 as-specified under the provisions of Article V, Section 8, as specified in Article V, Section 9, the filing fee shall be $105.00.
Section 4. — I-f-any-person fails to register w-ithin-two- hundred fifty (25Q) days following the commencement of the study of law, the fee shall-be-$300.00 as specified under the provisions of Article V, Section 9.
RATIONALE:
The Court approved the proposed Budget for 1986-87 increasing the late registration fee to $300.00 from $150.00. The proposed rewording is intended to highlight to beginning law students the benefits of early registration. It is hoped that the discounted schedule of fees for early registration will encourage greater early filing by law students. Such early filing spreads the Board’s workload more evenly and assists the Board in the orderly and efficient processing of all bar applications.
Article III, Section l.a. as it currently appears:
Section 1. No applicant shall be admitted to the Florida Bar Examination unless he or she furnishes to the Board:
a. Satisfactory evidence that (1) the applicant has received an academic Bachelor’s Degree granted on a basis of a four-year period of study in a college or university on the approved list of any one of the following regional accrediting associations or any Florida college or university approved by the Supreme Court of Florida:
(a) New England Association of Schools and Colleges;
(b) Middle States Association of Colleges and Schools/Commission on Higher Education;
(c) North Central Association of Colleges and Schools;
*647 (d) Southern Association of Colleges and Schools — Commission on Colleges;
(e) Northwest Association of Schools and Colleges;
(f) Western Association of Schools and Colleges — Accrediting Commission for Senior Colleges.
The academic Bachelor’s Degree referred to above must have been conferred at a time when such college or university was accredited or within 12 months of such accreditation. (2) In the alternative, such applicant shall have successfully completed an examination designated by the Board evidencing attained knowledge equivalent to 120 semester hours of college study to be administered under the Board’s supervision; or (3) a determination at the cost of the applicant by a credentials evaluation service or other professionals approved by the Board that the applicant’s education is the equivalent of a Bachelor’s Degree awarded by an accredited institution.
This section shall be applicable only to those applicants applying for admission to the Bar who enrolled in any accredited law college subsequent to December 31, 1975. All other applicants shall be governed by previous requirements under Section 22(a) of Article IV. (Satisfactory evidence of at least two years’ in-residence undergraduate work if entry into law school was prior to December 81, 1960, or at least 3 years in-residence undergraduate work if entry into law school was subsequent to December 31, 1960, but prior to December 31, 1975, or the successful completion of a college equivalency examination to be administered under the Board’s supervision.)
Graduation from any one of the following institutions: the United States Military Academy, the United States Naval Academy, the United States Air Force Academy, the United States Coast Guard Academy, or the United States Merchant Marine Academy, will fully satisfy the requirement of this section.
Article III, Section l.a. as it will appear:
Section 1. No applicant shall be admitted to the Florida Bar Examination unless he or she furnishes to the Board:
a. Satisfactory evidence that (1) the applicant has received an academic Bachelor’s Degree granted on a basis of a four-year period of study in a college or university on the approved list of any one of the following regional accrediting associations or any Florida college or university approved by the Supreme Court of Florida:
(a) New England Association of Schools and colleges;
(b) Middle States Association of Colleges and Schools/Commission on Higher Education;
(c) North Central Association of Colleges and Schools;
(d) Southern Association of Colleges and Schools — Commission on Colleges;
(e) Northwest Association of Schools and Colleges;
(f) Western Association of Schools and Colleges — Accrediting Commission for Senior Colleges.
The academic Bachelor’s Degree referred to above must have been conferred at a time when such college or university was accredited or within 12 months of such accreditation. (2)-In the alternative. Otherwise, such applicant shall obtain have successfully completed an-examination designated by the Board evidencing attained knowledge — equivalent to — 126—semester hours of college study to-be administered under the-Boarcfe-supervision, or-(3) a determination at the cost of the applicant by a credentials evaluation service or other professionals approved by the Board that the applicant’s education is the equivalent of a Bachelor’s Degree awarded by an accredited institution.
This section shall be applicable only to those applicants applying for admission to the Bar who enrolled in an accredited law college school subsequent to December 317 1975 (effective date). For applicants who enrolled in an accredited law school subsequent to December 31, 1975, but prior to (effective date), said applicants may, in the alternative to satisfaction of the requirements set forth above, successfully com- *648 píete an examination designated by the Board evidencing attained knowledge equivalent to 120 semester hours of college study to be administered under the Board’s supervision. Applicants who enrolled in an accredited law school prior to December 31, 1975 All other applicants shall be governed by previous requirements under Section 22(a) of Article IV. (Satisfactory evidence of at least two years’ in-residence undergraduate work if entry into law school was subsequent to December 31,1960, but prior to December 31, 1975, or the successful completion of a college equivalency examination to be administered under the Board’s supervision.)
Graduation from any one of the following institutions: the United States Military Academy, the United States Naval Academy, the United States Air Force Academy, the United States Coast Guard Academy, or the United States Merchant Marine Academy, will fully satisfy the requirement of this section.
RATIONALE:
The Board recently made an indepth study of -the alternative requirements for individuals not possessing an academic Bachelor’s Degree from an accredited college or university. Based upon its study, the Board concluded that the mere successful completion of the Board’s designated examination is an inadequate measurement for determining the equivalency of an undergraduate degree based upon a four-year period of study. In fact, the Board’s educational consultant advised that there is no examination which can realistically test an individual for “attained knowledge equivalent to 120 semester hours of college study” as provided in the current rule. The Board, therefore, recommends the elimination of this alternative. The proposed change includes a grandfather clause and would not be applicable to individuals who enrolled in an accredited law school prior to the effective date of the amendment.
The proposed change retains the alternative provision of a credentials evaluation for individuals not possessing the required Bachelor’s Degree from an accredited college or university. The retention of the credentials evaluation will provide an alternative means of qualifying for admission to the Florida Bar Examination to individuals with undergraduate degrees from foreign colleges or unaccredited American colleges or to individuals with a graduate degree in lieu of a bachelor’s degree.
Article III, Section 3.a. as it currently appears:
Section 3.a. Prior to recommending an applicant for admission to practice the profession of law in Florida, the Florida Board of Bar Examiners shall conduct an investigation and otherwise inquire into and determine the character, fitness, and general qualifications of every applicant. In every such investigation and inquiry, the Board may obtain such information as bears upon the character, fitness, and general qualifications of the applicant and take and hear testimony, administer oaths and affirmations, and compel, by subpoena, the attendance of witnesses and the production of books, papers and documents. Any member of the Board may administer such oaths and affirmations. Such investigations and inquiries shall be informal, but they shall be thorough, with the object of ascertaining the truth. Technical rules of evidence need not be observed. Any investigative hearing for such purpose may be held by a division of the Board consisting of not less than three members of the Board. Each division shall record its proceedings and shall report its decisions to the full Board.
Article III, Section 3.a. as it will appear:
Section 3.a. Prior to recommending an applicant for admission to practice the profession of law in Florida, the Florida Board of Bar Examiners shall conduct an investigation and otherwise inquire into and determine the character, fitness and general qualifications of every applicant. In every such investigation and inquiry, the Board may obtain such information as bears upon the character, fitness and general qualifications of the applicant and take and hear testimony, administer oaths and affirma *649 tions, and compelT by subpoena^ the attendance of witnesses and the production of books, papers and documents. Any member of the Board may administer such oaths and affirmations. Such investigations and inquiries shall be informal, but they shall be thorough, with the object of ascertaining the truth. Technical rules of evidence need not be observed. Any investigative hearing for such purpose may be held by a division of the Board consisting of not less no fewer than three members of the Board. Each division shall record its proceedings and shall report its decisions recommendations to the full Board.
RATIONALE:
The proposed amendment would conform the Rules to the Board’s practice in that decisions of investigative hearing panels are only recommendations upon which the Board acts.
Article III, Section 4.b. as it currently appears:
b. Any applicant or student registrant who is dissatisfied with the Board’s recommendation concerning such applicant’s or registrant’s character and fitness may file an appropriate petition with the Clerk of the Supreme Court of Florida, within a period of sixty (60) days after receipt of the Board’s recommendation. A copy of such petition shall be served upon the Executive Director of the Board. Upon receipt of such petition, the Executive Director shall place the record of the formal hearing with the Supreme Court, and the Court shall decide whether such applicant or student registrant meets the character and fitness requirements. Final action of the Court shall be duly entered in the minutes thereof.
Article III, Section 4,b. as it will appear:
b. Any applicant or student registrant who is dissatisfied with the Board’s recommendation concerning such applicant’s or registrant’s character and fitness may file an appropriate petition with the Clerk of the Supreme Court of Florida, within a period of sixty (60) days after receipt of the Board’s recommendation. A copy of such petition shall be served upon the Executive Director of the Board. Upon receipt of such petition. Unless otherwise required, the Board’s response shall be filed with the Supreme Court within 25 days after service of the petition. At the time of the filing of the Board’s response, the Executive Director shall place the record of the formal hearing with the Supreme Court, and the Court shall decide whether such applicant or student registrant meets the character and fitness requirements. Final action of the Court shall be duly entered in the minutes thereof.
RATIONALE:
The proposed amendment would conform the Rules to the Board’s practice of submitting to the Supreme Court of Florida a response to an applicant’s petition. The 25 day time provision was selected to conform with the Florida Rules of Appellate Procedure (20 days for an answer brief and 5 days for mailing) and to allow sufficient time to prepare and circulate a response to the Chairman and Vice Chairman of the Board prior to filing with the Court. Article IV, Section l.b. as it currently appears:
b. Application for Admission to The Florida Bar (Form 1 or Form 2, as applicable).
Although the Application for Admission into the General Bar Examination and the Application for Admission tó The Florida Bar are entirely independent of each other, applicants are advised that the character and fitness investigation conducted by the Board in conjunction with the Application for Admission to The Florida Bar is detailed and may require 6-8 months for all facts to be mar-shalled and a decision reached by the Board. Therefore, law students are encouraged to file for admission to the Bar when entering their senior year in law school to assure completion of all character and fitness related matters at the time of grade release of the first examination following graduation. All applicants are required to file fully completed questionnaires and to be responsive to Board requests for further information *650 in order to assure orderly processing of the flips.
Applications for Admission into the General Bar Examination and to The Florida Bar shall be made upon forms supplied by the Board pursuant to Article V, Section 19.
Bar applications (Form 1 or Form 2) filed in a defective condition, i.e., without notarization, or supporting documents, or having blank or incomplete items on the application, shall be accepted but a fee of $25.00 as specified under Article V, Section 5 shall be assessed.
The Application for Admission to The Florida Bar must be filed not later than 180 days from the date of the notice that success has been attained on all parts of the Florida Bar Examination (General Bar Examination and Multistate Professional Responsibility Examination— MPRE) as provided under Article VI, Section 9.b.
Note: Applications for the Multistate Professional Responsibility Examination (MPRE) are filed with the appropriate agency of the National Conference of Bar Examiners. Fees required for that administration shall be paid to the agency administering that examination.
Article IV, Section l.b. as it will appear:
b. Application for Admission to The Florida (Form 1 or Form 2 is applicable).
Although the Application for Admission into the General Bar Examination and the Application for Admission to The Florida Bar are entirely independent of each other, applicants are advised the the character and fitness investigation conducted by the Board in conjunction with the Application for Admission to The Florida Bar is detailed and may require 6-8 months for all facts to be marshalled and a recommendation decision reached by the Board. Therefore, law students are encouraged to file for admission to the Bar when entering their senior year in law school to assure completion of all character and fitness related matters at the time of grade release of the first examination following graduation. All applicants are required to file fully completed questionnaires and to be responsive to Board requests for further information in order to assure orderly processing of the files.
Applications for Admission into the General Bar Examination and to The Florida Bar shall be made upon forms supplied by the Board pursuant to Article V, Section 19.
Bar applications (Form 1 or Form 2) filed in a defective condition, be,e.g., without notarization, or supporting documents, or having blank or incomplete items on the application, shall be accepted but a fee of $25,00 $50.00 as specified under Article V, Section 5 shall be assessed.
The Application for Admission to The Florida Bar must be filed not later than 180 days from the date of the notice that success has been attained on all parts of the Florida Bar Examination {General Bar Examination and Multistate Professional Responsibility Examination — MPRE) as provided under Article VI, Section 9.b.
Note: Applications for the Multistate Professional Responsibility Examination (MPRE) are filed with the appropriate agency of the National Conference of Bar Examiners. Fees required for that administration shall be paid to the agency administering that examination.
RATIONALE:
The current fee of $25.00 for applications filed in a defective condition has been insufficient to deter applicants and student registrants from filing incomplete applications. Incomplete applications increase the administrative workload by requiring the staff to contact and request from applicants the information omitted from their applications. An increase in the fee to $50.00 will serve to offset the additional administrative costs associated with a defective application and will encourage applicants and student registrants to be more diligent in completing their applications.
The proposed rewording from “decision” to “recommendation” would conform this provision to other provisions of the Rules regarding the Board’s function of making recommendations to the Court.
Article IV, Section 5 as it currently appears:
*651 Section 5.a. The required fees must be paid at the time an Application for Admission into the General Bar Examination is filed. Each such application, as an integral part thereof, must be accompanied by the following:
(1) A photograph, 2lk” x 21k”, made within six months prior to the filing of the application;
(2) One (1) complete set of fingerprints taken and certified by an authorized law enforcement officer;
(3) Such supporting documents or additional information as may be required on the forms supplied by the Board.
b. Except for applicants who qualify for admission into the General Bar Examination under the provisions of Article III, Section l.c. the following documents are also required and should be filed with the Application for Admission to The Florida Bar, if possible, but shall be filed not later than 180 days from the date of notice that success has been attained on the Florida Bar Examination:
(1) A Certificate of Dean (Form No. 3) certifying the applicant’s graduation from a full-time accredited law school, as is provided under the provisions of Article III, Section l.b.
(2) An official transcript of academic credit certifying that the applicant has received an academic Bachelor’s Degree granted on the basis as specified under Article III, Section l.a., which transcript must come directly from the awarding institution.
c. An Application for Admission to The Florida Bar, which must be filed not later than 180 days from the date of the notice from the Board that success has been attained on all parts of the Florida Bar Examination, must be accompanied by the following which will be deemed a part of it:
(1) If the-applicant is not a natural bom citizen of the United States and indicates a name change at the time of naturalization, evidence of naturalization satisfactory to the Board that such name change occurred;
(2) If the applicant has been admitted to the practice of law in one or more jurisdictions, evidence satisfactory to the Board that the applicant is of good standing in such jurisdictions and a copy of the application for admission filed in each such jurisdiction;
(3) An authorization and release on a form supplied by the Board requesting and directing the inspection and furnishing to the Board, or any of its authorized representatives, all relevant documents, records or other information pertaining to the applicant and releasing any person, firm, officer, corporation, association, organization or institution from any and all liability in respect to such inspection or the furnishing of any such information;
(4) Supporting documents and other information as may be required in the forms supplied by the Board and such other documents as the Board may, in addition, from time to time reasonably require;
(5) Each applicant must demonstrate compliance with the requirements of successful completion of the Multistate Professional Responsibility Examination (MPRE) by causing a certificate supplied by the agency administering such examination bearing the score attained on the Multistate Professional Responsibility Examination (MPRE) to be forwarded directly to the Florida Board of Bar Exam-. iners by the designee of the National Conference of Bar Examiners.
Article IV, Section 5 as it will appear:
Section 5.a. The-required fees must be paid at the-time-an Application for-Admission into the General Bar -Examination is filed. Each such Application for Admission into the General Bar Examination, as an integral part thereof, must be accompanied by the following:
(1) A photograph, 2%" x 2lh", made within six months prior to the filing of the application;
(2) One (1) complete set of fingerprints taken and certified by an authorized law enforcement officer; and
(3) Such supporting documents or additional information as may be required on the forms supplied by the Board.
*652 b. Except for applicants who qualif-y-for admission into tho-Gonor-al-Bar — Examinar tion -under- -the- provisions - of- Article III, Section l.c. the following documents are also-required-and-should-be-filed-with the Application — f-or-pAdmission—to—The-F-lorida Bar, if possible, but shall be filed not later than 180 days from-the-date-of-notice-that success has been attained on-- the Florida Bar-Examination.
(1) A Certificate- of Dean (Form No. 3) certifying-the-applicant’s graduation from a full-time accreditsd-law-schooIr-as-provid-ed under the provisions of Article III, Section-Lb.
(2) An official transcript-of— academic credit-certifying that the applicant has re-eeived — an—academic—Bachelor’s—Degree granted on- the ■ basis as specified under Article III, Section l.a., whieh-transcript must come directly from the- awarding institution.
fe An Application for Admission to The Florida Bar ,-which must be filed not later than 180 days from the date of notice from the Board that success has been attained on all parts of the Florida Bar Examination. ^-must-be-accompanied by the-following which will be deemed a part of it. The Application for Admission to The Florida Bar shall not be deemed complete until all of the following items have been received by the Board.
(1) If the applicant is not a natural born citizen of the United States and indicates a name change at the time of naturalization, evidence of naturalization satisfactory to the Board that such name change occurred;
(2) If the applicant has been admitted to the practice of law in one or more jurisdictions, evidence satisfactory to the Board that the applicant is of good standing in such jurisdictions and a copy of the application for admission filed in each such jurisdiction;
(3) An authorization and release on a form supplied by the Board requesting and directing the inspection and furnishing to the Board, or any of its authorized representatives, all relevant documents, records or other information pertaining to the applicant and releasing any person, firm, officer, corporation, association, organization or institution from any and all liability in respect to such inspection or the furnishing of any such information;
(4) A Certificate of Dean (Form No. 3) certifying the applicant’s graduation from a full-time accredited law school, as provided under the provisions of Article III, Section l.b.;
(5) An official transcript of academic credit certifying that the applicant has received an academic Bachelor’s Degree granted on the basis as specified under Article III, Section l.a., which transcript must come directly from the awarding institution;
(6) An official transcript of academic credit certifying that the applicant has received the degree of Bachelor of Laws o;j Doctor of Jurisprudence as specified under Article III, Section l.a., which transcript must come directly from the awarding institution;
(7) Official transcripts from any additional post-secondary institutions attended, which transcript must come directly from the awarding institutions.
(8) Supporting documents and other information as may be required in the forms supplied by the Board and such other documents as the Board may, in addition, from time to time reasonably required; and
(9) Each — applicant—must—demonstrate compliance with the requirements of successful completion of the Multistate Professional Responsibility Examination (MPRE) by causing a A certificate supplied by the agency administering the Multistate Professional Responsibility Exam (MPRE) such-examination bearing the a successful score attained on the Multistate Professional Responsibility-Examination (MPRE) to be forwarded directly to the Florida Board of Bar Examiners by the designee of the National Conference of Bar Examiners.
RATIONALE:
The first sentence of this section is deleted to conform to the Board practice that the fee is due with whichever application (bar examination application or bar admission application) is initially filed as stated in Article IV, Sections 3 and 4.
*653 The reorganization is intended to clarify that the Certificate of Dean and transcript from the institution which awarded the applicant’s undergraduate degree must be filed with the Application for Admission to The Florida Bar.
The new language would conform the Rules to the Board’s practice of requiring transcripts directly from the applicant’s law school and every post-secondary institution which the applicant attended. Past experiences of the Board have confirmed the need and usefulness of requiring applicants to provide transcripts. An official transcript may reveal instances of undisclosed academic or conduct discipline of an applicant. A transcript may also establish courses of study and grades achieved at other colleges and universities which an applicant may have failed to disclose for a variety of reasons on prior applications including the application for admission to the Bar.
Article V, Section 5 as it currently appears:
Section 5. For an Applicant’s Questionnaire and Affidavit filed in a defective condition as described in Article IV, Section 1 the applicant shall pay a fee of . $25.00
Article V, Section 5 as it will appear:
Section 5. For an Applicant’s Questionnaire and Affidavit filed in a defective condition as described in Article IV, Section 1 the applicant shall pay a fee of . $85^0 $50,00
RATIONALE:
Housekeeping change to correspond to proposed change under Article IV, Section l.b.
Article V, Section 6-9 as they currently appear:
Section 6. The Applicant's Questionnaire and Affidavit filed as a registrant as required by Article II, Section 1, shall be accompanied by a fee of . $60.00
Section 7. The application filed late as provided in Article II, Section 2, shall be accompanied by a fee of . $70.00
Section 8. The application filed late as provided in Article II, Section 3, shall be accompanied by a fee of . $105.00
Section 9. The application filed late as provided in Article II, Section 4, shall be accompanied by a fee of . $300.00
Article V, Sections 6-9
Section 6. The Applicant’s Questionnaire and Affidavit filed as a registrant as required by Article II, Section 1, shall be accompanied by. a fee of . $6&00$300.00.
Section 7. The application registration filed late early as provided in Article II, Section 2, shall be accompanied by a fee of.$60.00.
Section 8. The application registration filed late early as provided in Article II, Section 3, shall be accompanied by a fee of.$9&QQ$70.00.
Section 9. The application registration filed late early as provided in Article II, Section 4, shall be accompanied by a fee of.$30(M)0$105.00.
Rationale:
Housekeeping changes to correspond to proposed changes under Article II.
Article VI, Section 3.c. as it currently appears:
c. The Florida Bar Examination shall consist of a’ General Bar Examination and the Multistate Professional Responsibility Examination (MPRE).
The General Bar Examination shall be designated as Part A and Part B and shall be administered only within the State of Florida.
Part A shall be of six hours’ duration and shall be composed of six one-hour segments to be promulgated by The Florida Board of Bar Examiners.
One segment shall embrace the subject of Florida Rules of Civil and Criminal Procedure. Another segment shall embrace the subject of Florida Constitutional Law. The remaining four segments, each of which shall embrace no more than two subjects, shall be selected from the following subjects including their equitable aspects:
Federal Constitutional Law
Business Entities Including Corporations and Partnerships
Wills and Administration of Estates
Trusts
Real Property
Evidence
Torts
Criminal Law
*654 Contracts
Family Law
Part B shall consist of the Multistate Bar Examination (MBE) which is that examination offered to the several states by the National Conference of Bar Examiners and designated by that organization as the Multistate Bar Examination (MBE); provided, however, that scores achieved by applicants on the Multistate Bar Examination administered by an admitting jurisdiction other than the State of Florida shall not be transferred to or recognized by the Board. The Multistate Professional Responsibility Examination (MPRE) shall be the examination offered to the several states by the National Conference of Bar Examiners designated by that organization as the Multistate Professional Responsibility Examination (MPRE) which examination is administered generally three times each year throughout the country at variofts colleges and universities selected by the National Conference of Bar Examiners and its designee.
Article VI, Section 3.c. as it will appear:
c. The Florida Bar Examination shall consist of a General Bar Examination and the Multistate Professional Responsibility Examination (MPRE).
The General Bar Examination shall be designated as Part A and Part B and shall be administered only within the State of Florida.
Part A shall be of six hours’ duration and shall be composed of six one-hour segments to be promulgated by The Florida Board of Bar Examiners.
One segment shall embrace the subject of Florida Rules of Civil and Criminal Procedure. Another segment-shall embrace the subject-of-FIorida Constitutional Law. The remaining four five segments, each of which shall embrace no more than two subjects, shall be selected from the following subjects including their equitable aspects:

Florida Constitutional Law

Federal Constitutional Law
Business Entities Including Corporations and Partnerships
Wills and Administration of Estates
Trusts
Real Property
Evidence
Torts
Criminal Law
Contracts
Family Law
Chapter 4, Rules of Professional Conduct, and Chapter 5, Rules Regulating Trust Accounts, of the Rules Regulating The Florida Bar.
Part B shall consist of the Multistate Bar Examination (MBE) which is that examination offered to the several states by the National Conference of Bar Examiners and designated by that organization as the Multistate Bar Examination (MPRE); provided, however, that scores achieved by applicants on the Multistate Bar Examination administered by an admitting jurisdiction other than the State of Florida shall not be transferred to or recognized by the Board. The Multistate Professional Responsibility Examination (MPRE) shall be the examination offered to the several states by the National Conference of Bar Examiners designated by that organization as the Multistate Professional Responsibility Examination (MPRE), which examination is administered generally three times each year throughout the country at various colleges and universities selected by the National Conference of Bar Examiners and its designee.
RATIONALE:
The Florida Bar Examination presently consists of a General Bar Examination and the Multistate Professional Responsibility Examination (MPRE). The MPRE tests an examinee’s knowledge of the American Bar Association Code of Professional Responsibility and the Model Rules of Professional Conduct. The MPRE does not test on variations of the ABA Code or the Model Rules as adopted by local statutes or rules of courts.
A former Board member and The Florida Bar requested the Board to consider testing on the unique aspects of the Rules Regulating The Florida Bar which are not *655 covered by the MPRE. Such unique aspects include, for example, the provisions on contingent fee contracts and procedures for operation of trust accounts. The proposed amendment would enable the Board to test such unique aspects either by machine-scored questions or by inclusion of an ethical issue in an essay question.
The proposed amendment would also delete the requirement that Florida Constitutional Law be tested on each bar examination under Part A. Part A is the Florida portion of the exam and is prepared by the Board. The proposed amendment would allow the Board greater flexibility in testing Florida Constitutional Law which would include the alternative of testing Florida Constitutional Law with another area on the same essay question. The Board anticipates that such flexibility will result in the preparation of higher quality questions in the area of Florida Constitutional Law.
Under the proposed amendment, one segment of Part A will continue to test on the subject of Florida Rules of Civil and Criminal Procedure. The remaining five segments of Part A will test on the designated subjects including emphasis on aspects of Florida law. Such testing will include issues of Florida Constitutional Law as often as practical to assure continued emphasis of this important subject.
Article VI, Section 9.b. as it currently appears:
b. The Application for Admission to The Florida Bar must be filed not later than 180 days from the date of notice that success has been attained on both the General Bar Examination and the Multistate Professional Responsibility Examination (MPRE). Failure to comply with such filing deadlines will result in required reapplication for admission to the Florida Bar Examination and successful completion of all of the examination. The Application for Admission to The Florida Bar must be vigorously pursued by the applicant. Failure to respond to inquiry from the Board within three months may result in termination of that application and require re-examination and payment of all fees as if the applicant was applying for the first time.
Article VI, Section 9.b. and c. as they will appear:
b. The Application for Admission to The Florida Bar must be filed no later than 180 days from the date of notice that success has been attained on both the General Bar Examination and the Multistate Professional Responsibility Examination (MPRE). Failure to comply with such filing deadlines will result in required reapplication for admission to the Florida Bar Examination and successful completion of all of the examination.
c. The Application for Admission to The Florida Bar must be vigorously pursued by the applicant. Failure to respond to inquiry from the Board within three months 90 days may result in termination of that application and require re-examination and payment of all fees as if the applicant was applying for the first time.
RATIONALE:
The change of creating another section is to distinguish the penalty for failure to respond to Board inquiry and the change from three months to 90 days is a continued move toward standardizing the time limits throughout the Rules.